CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 17 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
Harrisonburg

| | | |
|---|---|---|
| RICHARD B. PENCE, | ) | |
| Plaintiff, | ) | Civil Action No. 5:04CV00075 |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| TENNECO AUTOMOTIVE OPERATING COMPANY, INC. | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

This matter is before the court on plaintiff Richard B. Pence's motion to review, modify, and reduce defendant Tenneco Automotive Operating Company, Inc.'s (Tenneco's) Bill of Costs. Pence contends Tenneco inadequately documented photocopy charges and unnecessarily used expedited delivery and asks the court to reduce the fees taxed by the clerk. The court finds the defendant's Bill of Costs excessive and reduces it accordingly.

This court granted summary judgment in favor of Tenneco on April 26, 2005. Tenneco submitted its Bill of Costs pursuant to 28 U.S.C. § 1920 on May 10, 2005 totaling $6,931.91, which included court reporter, witness, and exemplification and copies fees. In order to recover costs, the prevailing party must provide explanation and adequate supporting documentation for its Bill of Costs. Scallet v. Rosenblum, 176 F.R.D. 522, 525 (W.D. Va. 1997) (citing Wahl v. Carrier, 511 F.2d 209, 216 (7th Cir. 1975)). The court must "give[ ] careful scrutiny" to items submitted with the Bill of Costs. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). The court should only tax costs relating to court reporter and exemplification and copies which were "necessarily obtained for use in the case." 28 U.S.C. § 1920 (2005); Cofield v. Crumpler,

179 F.R.D. 510, 518 (E.D. Va. 1998) (quoting Jop v. City of Hampton, 163 F.R.D. 486, 488 (E.D. Va. 1995) (noting the district court has "great latitude" in determining "reasonably necessary" costs)); Wyne v. Medo Indus., 329 F. Supp. 2d. 584, 590 (D. Md. 2004) (noting costs merely for convenience of counsel are not taxable). Broad and general statements about the necessity of materials in connection with defense of a claim are not sufficient evidence for the court to find that the materials were "necessarily obtained." S.G.C. v. Penn-Charlotte Associates, 116 F.R.D. 284, 289 (W.D. N.C. 1987) (discussing depositions).

Tenneco has provided a chart detailing the date, provider, number of pages, and price per page for exemplification and copies, totaling $2,424.10; however, Tenneco provides no details about the nature or purpose of each bundle of copies. Thus the court cannot conclude the copying costs were "necessarily obtained." In addition, Tenneco seeks costs for expedited delivery of transcripts and postage.[1] However, Tenneco offers no explanation why expedited delivery was necessary over standard service. Therefore, the court excludes these costs.[2]

For the reasons stated, the court reduces defendant's award of costs by $3,851.46.[3] Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the defendant's Bill of Costs is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Court reporter fees may be taxed, but costs of postage and delivery are typically disallowed. 28 U.S.C. § 1920; Scallet, 176 F.R.D. at 527.

[2] Based on the documents provided by Tenneco, $116.31 of reporting fees covered postage. Additionally, expedited delivery of transcripts resulted in $1,311.05 of additional charges from Hart Reporting.

[3] Reduced $2,421.10 for copies and exemplifications, $116.31 for postage on reporting invoices, and $1,311.05 for expedited delivery of transcripts, all of which the court finds were not "necessarily obtained for use in the case."

**ENTER**: This 17th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE